GRABER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s disposition except with respect to the claim of disparagement (a form of “personal injury” under the policy), as to which I would reverse and remand for further proceedings.
The complaint alleges that Defendants sought to “destroy the relationship between TVT and the Artists by ... mis-characterizing to the Artists TVT’s efforts to protect TVT’s rights to put out the *557 CMC Album.” TVT claims that it suffered loss of customers (artists who would sign with it), diminution of business, lost revenue, and lost profits as a result. False statements that may influence a third party not to use the plaintiffs services, to the financial detriment of the plaintiff, trigger the duty to defend a claim of disparagement of services. See Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal.App.4th 1017, 123 Cal.Rptr.2d 256, 269-72 (2002) (discussing disparagement allegations and the tort of “trade libel” and holding that the insurer had a duty to defend because the facts alleged a claim covered by the insurance contract’s “personal injury” clause, which is identical to the clause here). In context, the allegation that TVT will not stand on its own rights could disparage TVT’s services to third parties, because TVT depends on the willingness of artists to put themselves in its hands to release albums.